**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 57 MAP 2025 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court at No. 1297 EDA |
| | : | 2024, entered on March 12, 2025, |
| v. | : | Vacating the Judgment of |
| | : | Sentence of the Bucks County |
| | : | Court of Common Pleas, Criminal |
| MONTE LOWREY, | : | Division, at No. CP-09-CR- |
| | : | 0001289-2023, entered on April |
| Appellee | : | 3, 2024. |
| | : | |
| | : | ARGUED: May 20, 2026 |

**CONCURRING STATEMENT**

**JUSTICE WECHT**                                      **FILED: June 18, 2026**

In this case, appellee Monte Lowrey was charged with failure to use his vehicle's turn signal when exiting from a parking lot onto a roadway. Because the relevant statute applies only to movements that occur "upon" a roadway, rather than actions that a motorist takes when turning onto that roadway,[1] the Superior Court reversed Lowrey's judgment of sentence. The Commonwealth appeals from that decision, and I agree with today's order dismissing that appeal notwithstanding the efforts invested by many in briefing and argument.

This case is an example of how poor draftsmanship and a maddening lack of clarity on the part of the General Assembly lead to a waste of judicial and law enforcement

---

[1]   *See* 75 Pa.C.S. § 3334(a) ("Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.").

resources.  Absent legislative revision of semi-coherent and often internally inconsistent[2] statutes, police officers, lawyers, and judges alike are forced to guess at lawmakers' meaning.  Such guesswork devours time and money as debate ensues over the General Assembly's failure to convey its instructions clearly.

---

[2]  Consider, for example, the fact that, while the statutory provision applies only "[u]pon a roadway", it also addresses entry into "the traffic stream from a parked position." 75 Pa.C.S. §3334(a).